# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **KERRY COLLIER, #16347-078** | § | |
|                 **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:16-CV-1239-N-BK** |
| | § | |
| **ENHANCED RECOVERY CORP. CEO,** | § | |
| **et al.,** | § | |
|                 **Defendants.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge. For the reasons that follows, it is recommended that this action be **DISMISSED** due to improper venue.

On May 6, 2016, Plaintiff, a federal inmate at FCI Fort Worth, filed a *pro se* complaint, against the CEOs of Enhanced Recovery Corp. and Capio Partners, asserting violations under the Fair Debt Collections Practices Act and the Fair Credit Reporting Act. Doc. 3 at 1. He also alleged "negligent willful enablement of fraud" and defamation. *Id.* Plaintiff submitted a motion to proceed *in forma pauperis* along with his complaint. Doc. 4.

Plaintiff contends that Defendant Enhanced Recovery Corp is a Texas corporation, which maintains its corporate office in Sherman, Texas, and that Capio Partners is a Florida corporation, which maintains its corporate office in Jacksonville, Florida. Doc. 3 at 1.

A civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Section 1391 further provides that the residency of an entity is deemed to be in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action . . . ." 28 U.S.C. § 1391(c)(2). However, in states with multiple judicial districts, a corporate defendant "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* § 1391(d).

Plaintiff's sole basis for venue in this district is that one of the defendants maintains its corporate office and does business in Texas. Doc. 3 at 1. However, he does not assert that the corporate office is located within the Northern District of Texas or that any acts or omissions occurred here. Indeed, he states that Enhanced Recovery Corp. has its corporate office in McKinney, Texas, which is located in Collin County, Texas, and that Capio Partners has its corporate office in Jacksonville, Florida, which is located in Duval County. Collin County lies within the boundaries of the United States District Court for the Eastern District of Texas, Sherman Division, 28 U.S.C. § 124(c)(3), while Duval County lies within the boundaries of the United States District Court for the Middle District of Florida, Jacksonville Division, 28 U.S.C. § 98(b). Thus, venue is not proper in the United States District Court for the Northern District of Texas.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d

916, 919 (5th Cir. 1987) (a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice). Here, given the infancy of the case, Plaintiff's complaint should be dismissed without prejudice to being filed in the proper districts.

Accordingly, it is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** due to improper venue.[1]  See 28 U.S.C. § 1406(a).

SIGNED June 16, 2016.

RENEE HARRIS TOLIVER  
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER  
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has not assessed a filing fee under the Prison Litigation Reform Act in anticipation of dismissal for improper venue.

3